**James D. HODGSON, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,**

v.

**William P. MORRIS and Warren G. Morris, Individually, et al., Defendants-Appellants.**

No. 30423

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1971.

Rehearing Denied and Rehearing En Banc Denied March 31, 1971.

W. H. Albritton, Andalusia, Ala., James W. Kelly, Geneva, Ala., for defendants-appellants; Albrittons & Rankin, Andalusia, Ala., of counsel.

Roger J. Martinson, Atlanta, Ga., Peter G. Nash, Sol. of Labor, Bessie Margolin, Associate Sol., Beverley R. Worrell, Regional Sol., Carin Ann Clauss, Judith Bleich Kahn, Attys., United States Dept. of Labor, Washington, D. C., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellants complain of the decision of the district court in an action brought by the Secretary of Labor under the provisions of § 17 of the Fair Labor Standards Act, 29 U.S.C. § 217. The Secretary contended that the appellants (employers) were violating provisions of §§ 15(a) (2) and 15(a) (5) of the Act and sought an injunction to restrain such violations and further to restrain the appellants from withholding payment of minimum wages and overtime compensation alleged to be due certain employees. Since the case was submitted upon a written stipulation of facts, there is no factual dispute under review. The district court granted the relief sought except that it refused to enjoin and restrain the appellants from future violations of the Act.[1]

We have given full consideration to the contentions of the parties and find ourselves in agreement with the opinion and judgment of the district court. George P. Shultz (James D. Hodgson), Secretary of Labor v. William P. Morris and Warren G. Morris, 315 F.Supp. 558 (M.D.Ala.1970).

The judgment is affirmed.

**ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC**

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. The appellants do not here contest the findings and conclusions of the district court that the three stores involved did constitute an "enterprise" within the meaning of the Act as amended.